UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RONNIE GREENE, ET AL.,           )
                                 )
          Plaintiffs,            )          3  09  0583
                                 )
v.                               )          No. 3:09mc0058
                                 )          **JUDGE HAYNES**
DSNF STAFF, ET AL.,              )
                                 )
          Defendants.            )

## MEMORANDUM

Plaintiffs Ronald Greene and Brandon Transue, prisoners in the Lois M. DeBerry Special

Needs Facility (DSNF) in Nashville, and William D. Ratcliffe, Jr., a former DSNF inmate, filed this

*pro se* action under 42 U.S.C. § 1983 against the defendants: 1) the DSNF staff; 2) Corrections

Officer (CO) f/n/u Morris; 3) CO f/n/u Maddox; 4) CO Richard Caffery; and 5) Lieutenant f/n/u

Curbe. Plaintiffs seek injunctive relief only, alleging that the defendants violated their rights under

the Eighth Amendment. Plaintiffs name the defendants in their official capacity only.

In its April 7, 2009 initial review deficiency order (Docket Entry No. 3), the Court cited the

omission that neither Plaintiffs Ratcliffe nor Transue had submitted an application to proceed *in*

*forma pauperis.* Plaintiffs Ratcliffe and Transue were instructed either to pay the $350.00 filing fee,

or submit individual applications to proceed *in forma pauperis.* Both were forewarned that failure

to comply with the Court's order would result in the dismissal of their lawsuit.

A copy of the Court's April 7, 2009 deficiency order was mailed to Plaintiff Ratcliffe, but

was returned undelivered to the district court because he has been paroled [1] (Docket Entry No. 4-5)

It was stamped "RETURNED TO SENDER PAROLED ON EXPIRATION OF SENTENCE."

Plaintiff Ratcliffe has not provided the Court with a change of address since his release from

---

[1] The copy sent by regular mail was returned on April 9, 2009, and the copy sent by certified mail was returned
on April 27, 2009.

custody more than two months ago. Therefore, Plaintiff Ratcliffe's lawsuit will be dismissed without prejudice for failure to prosecute. *See Spencer v. Advanced Telemarketing Corp.*, 149 F.3d 1177 (5th Cir. 1998); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (both cases standing for the proposition that failure to advise the court of a change of address is grounds for dismissal).[2]

A copy of the Court's April 7, 2009 deficiency order was also sent to Plaintiff Brandon Transue by certified mail was signed for by "BT" on April 22, 2009. (Docket Entry No. 6) Although forewarned of the consequences, Plaintiff Transue has not complied with the Court's prior order. Neither has he requested an extension of time to do so. Accordingly, Plaintiff Transue's lawsuit will be dismissed with prejudice for failure to prosecute, and one-half of the $350.00 civil filing fee will be assessed against him. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)

As to Plaintiff Greene's complaint, under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To state a claim under § 1983, Plaintiff Greene must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was

---

[2]  While it may be inferred from the fact that, because both copies of the Court's April 7, 2009 order were returned undelivered, Plaintiff Ratcliffe was not on notice that he was required to submit an application to proceed *in forma pauperis*. Nevertheless, it is Plaintiff Ratcliffe's responsibility to keep the district court informed of his current mailing address. He has not. In any event, Plaintiff Ratcliffe is not prejudiced by the dismissal of this action as it pertains to him. As discussed *infra*, the complaint fails to state a claim on which relief may be granted.

2

caused by a person acting under color of state law. *Flagg Bros v Brooks*, 436 U.S 149, 155-56 (1978). Both parts of this two-part test must be satisfied to support a claim under § 1983 *See Christy v Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff's complaint names the defendants only in their official capacity only. (Docket Entry No. 1, ¶ III B, p 5) "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity " *Will v Michigan Dep't of State Police*, 491 U S 58, 71 (1989). Here, the State of Tennessee is the actual Defendant but because Plaintiff seeks injunctive relief, Plaintiff can maintain this action. Id. at n 10 Plaintiff Greene alleges repeated violent acts by the Defendants against Plaintiff Greene and other inmates

For the reasons explained above, the State of Tennessee has no liability under § 1983 in this matter. Therefore, Plaintiff Greene states a claim for relief and process shall issue

An appropriate order will be entered.

William J. Haynes, Jr.
United States District Judge
6-24-09

Case 3:09-cv-00583 Document 8 Filed 06/25/09 Page 3 of 3 PageID #: 26